UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CESAR AUGUSTO MURILLO
ZUNIGA,

        Petitioner,

    v.                          Case No.:  2:26-cv-00229-SPC-DNF

GARRETT RIPA *et al.*,

        Respondents,

_____/

### OPINION AND ORDER

Before the Court are Cesar Augusto Murillo Zuniga's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Murillo Zuniga's reply (Doc. 6).  For the below reasons, the Court grants the petition.

Murillo Zuniga is a native and citizen of Honduras who entered the United States without inspection in November 2019, as an unaccompanied child.  He his gainfully employed and has no criminal record.  Immigration and Customs Enforcement ("ICE") agents arrested Murillo Zuniga outside his home on September 3, 2025.  He remains detained at Glades County Detention Center without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Murillo Zuniga.  The distinction matters because § 1225(b)(2)

mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Murillo Zuniga asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Murillo Zuniga's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Murillo Zuniga has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond

2

hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The Court will thus order the respondents to either bring Murillo Zuniga before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review is the agency that schedules bond hearings. To be clear, subjecting Murillo Zuniga to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Murillo Zuniga receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Cesar Augusto Murillo Zuniga's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Murillo Zuniga for an individualized bond hearing before an immigration judge or (2) release Murillo Zuniga under reasonable conditions

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA. The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

of supervision.  If the respondents release Murillo Zuniga, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 19, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

4